# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARLON TERRELL PRATT BEY,<br><br>　　　　　　　　　　Defendant. | Criminal No. 12-256 (JRT)<br>Criminal No. 12-257 (JRT)<br><br>**ORDER REMANDING CASES** |

Benedict John Schweigert, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, for plaintiff.

Marlon Terrell Pratt Bey, C/O 1815 Central Avenue Northeast #1306, Minneapolis, MN 55418, *pro se*.

This matter is before the Court on Defendant Marlon Terrell Pratt Bey's[1] Legal Notice of Removal, seeking to remove his criminal prosecution from Minnesota state court to this Court. Because the attempted removal is facially invalid, the Court will order that the case be remanded.

## BACKGROUND

The procedural history of this case is unusual. Bey was originally charged by criminal complaint in Hennepin County with seventeen counts of theft-by-swindle pursuant to Minn. Stat. § 609.52, subd. 2(4), and two counts of racketeering pursuant to

---

[1] The Court notes that Defendant claims to have changed his name to Marlon Terrell Pratt Bey from Marlon Terrell Pratt. (Case No. 12-257, Pro Se Exhibit 26, Nov. 5, 2012, Docket No. 6.) When the State of Minnesota served its amended criminal complaint in July 2009, Defendant was still known as Marlon Terrell Pratt. Because Defendant's state case is currently captioned, and he has filed this notice, with the last name Bey, the Court will refer to him by that last name.

Minn. Stat. § 609.903, subd. 1. *See State v. Pratt*, 813 N.W.2d 868, 871 (Minn. 2012). Following a jury trial, Bey was convicted of all nineteen counts. *Id.* On appeal, the Minnesota Supreme Court concluded that the evidence was sufficient to support Bey's theft-by-swindle convictions. *Id.* at 874-75. But the court reversed Bey's convictions, holding that Judge Steven Lange, who presided over Bey's trial, was disqualified under Rule 2.11(A) of the Code of Judicial Conduct. *Id*. at 878-79.[2] The court concluded that Bey was entitled to a new trial, and remanded the case to the state district court for further proceedings. *Id*. at 879. On remand, the State of Minnesota has continued to pursue the same criminal charges against Bey. *See* Fourth Judicial District, Criminal Court Division, Case No. 27-CR-08-44935. Bey now seeks to remove his state criminal prosecution pursuant to 28 U.S.C. §§ 1441-1446. (Pro Se Notice of Removal, Oct. 15, 2012, Docket. No. 1.)[3]

**ANALYSIS**

The Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C.

---

[2] Judge Lange was disqualified because he had been retained by the Hennepin County Attorney's Office to serve as an expert in an unrelated federal civil case, while at the same time presiding over Bey's trial. Because the Hennepin County Attorney's Office was the party prosecuting Pratt, the court concluded that "a reasonable examiner would question Judge Lange's ability to be impartial." *State v. Pratt*, 813 N.W.2d 868, 872, 876 (Minn. 2012).

[3] The notices of removal filed by Bey in Case Nos. 12-256 and 12-257 are identical.

§ 1455(b)(4).[4] Bey filed his notice of removal pursuant to 28 U.S.C. §§ 1441-1446, however, only removal under 28 U.S.C. § 1443(1) is at issue here.[5] Section 1443(1) allows for the removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

Removal jurisdiction under § 1443(1) is very limited. Generally "the vindication of the defendant's federal rights is left to the state courts." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Removal of a state criminal prosecution to federal court is therefore only permitted "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state

---

[4] The Court notes that Bey's notice of removal may be untimely. A defendant in a criminal case must file his notice of removal no later than 30 days after the arraignment in state court, or any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). The unusual procedural posture of this case makes it difficult for the Court to ascertain whether Bey's notice of removal is timely. Because the Court concludes that the removal petition fails for the substantive reasons addressed below, the Court need not determine whether Bey's petition is timely.

[5] Bey purports to remove this case pursuant to 28 U.S.C. §§ 1441, 1442, 1444, 1445, and 1446. However, none of these provisions are applicable in this case. Section 1441 applies to removal of civil actions; § 1442 applies to removal of civil actions and criminal prosecutions under certain circumstances, where the defendant is the United States, an agency or officer of the United States, an officer of the United States courts, or any officer of either House of Congress; § 1444 applies to foreclosure actions against the United States; § 1445 deals with certain civil actions that are expressly non-removable; and § 1446 concerns procedures for removal of civil actions. None of these provisions give defendants a right to remove their state criminal prosecutions. Like § 1443(1), § 1443(2) also allows for the removal of criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights." But § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

court." *Id.* In order for a state criminal prosecution to be removed under § 1443(1), the removal petition must satisfy a two-prong test. *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). The second prong of the test "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803).

Bey has failed to meet the first prong of the § 1443(1) removal test. Bey appears to argue that he cannot receive a fair trial in Minnesota state court. He suggests that Judge Lange's disqualification from the case proves the Hennepin County Attorney's Office and various members of the Minnesota Judiciary are conspiring against him. He further alleges, although the basis for these allegations is somewhat unclear, that his Fourth, Fifth, and Fourteenth Amendment rights have been violated. Bey has not alleged that he is being prosecuted in violation of a specific statute barring racial discrimination. While Bey makes numerous, nebulous assertions that he is an "Aboriginal Indigenous Moorish-American," he does not identify any specific rights he is entitled to based on this origin, nor does he identify any specific federal law which provides for any such rights stated in terms of racial equality. At most, Bey alleges that his criminal proceedings may be unfair and that the State of Minnesota may be discriminating against him based on his

origin. Such allegations are insufficient to establish the right to removal under § 1443(1). *See City of Greenwood*, 384 U.S. at 826 (rejecting as reasons for removal the defendants' claims that the state criminal statues were selectively enforced against them due to their race, that they were innocent, and that they would not receive a fair trial).

Additionally, even assuming that the State of Minnesota is prosecuting Bey in violation of the Fourth, Fifth, or Fourteenth Amendments, he still would not pass the high threshold necessary to satisfy the first prong of § 1443(1)'s removal test. "Claims that prosecution and conviction will violate rights under constitutional and statutory provisions of general applicability" do not allow a defendant to remove a case from state court. *Johnson*, 421 U.S. at 219. And the Fourth, Fifth, and Fourteenth Amendments are constitutional provisions of general applicability, which do not create specific racial equality rights. *See Rachel*, 384 U.S. at 792.[6] Like the amendments, the statutory provisions Bey cites, such as 42 U.S.C. §§ 1983 and 1985, do not specifically provide for any racial equality rights. *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012) ("Standing alone, section 1983 does not establish any substantive rights."); *Doe v. Berry*,

---

[6] Bey also alleges, variously, that his First, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights have been violated. Because Bey provides no explanation for, or facts showing, how his current prosecution could violate these rights, the Court need not consider these Constitutional provisions in ordering that Bey's case be remanded. The Court notes, however, that even if Bey's rights under any of these amendments had been violated, that violation would not satisfy the stringent requirements for removal under § 1443(1). Additionally, Bey has raised a host of other allegations, including, for example, that judges in his prosecution have committed perjury in violation of 18 U.S.C. § 1621, state actors conspired against Bey's rights in violation of 18 U.S.C. § 241, and the State of Minnesota violated the Inter-American Declaration of Rights of Indigenous Peoples when it brought criminal charges against Bey. The Court has considered the entirety of Bey's notice of removal and concludes that, to the extent any of these claims are not frivolous, none of them satisfy the requirements for the removal of a state criminal prosecution set out in this Order.

967 F.2d 1255, 1257 (8th Cir. 1992) (per curiam) (concluding that claims based on a judge's conflict of interest and §§ 1983 and 1985 did not provide a proper basis for removal under § 1443(1)).

Furthermore, Bey has not met the second prong necessary for § 1443(1) removal. For removal to be proper, Bey must show "that there is a state law preventing him from raising his federal claims in state court" or that there is a "basis for an 'equally firm prediction' that he will be unable to protect his federal rights in state court." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (quoting *Johnson*, 421 U.S. at 219). Bey has not identified any state law that would prevent him from challenging the violation of any possible racial-equality-based federal right in state court. If Bey is subsequently convicted, and desires to challenge the validity of that conviction based upon a violation of his federal rights, he is free to appeal his conviction under Minnesota law. Minn. R. Crim. P. 28.02; *see Neal*, 112 F.3d at 355 ("If, as [defendant] fears, the Arkansas state courts do not respect and enforce his federal rights, [defendant]'s proper course of action is to seek direct review in the United States Supreme Court.").[7] Nor has Bey shown any basis for an "equally firm prediction" that he will be unable to protect his federal rights in state court. While Bey is concerned the he will not receive a fair trial in state court, this fear alone does not justify removal.[8]

---

[7] If anything, the Minnesota Supreme Court's reversal of Bey's original conviction shows that the Minnesota state courts do provide a fair forum in which Bey can seek enforcement of his federal and other rights, and that the state courts are not conspiring against Bey based upon racially discriminatory motives.

[8] *See City of Greenwood*, 384 U.S. at 827 ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and

(Footnote continued on next page.)

For these reasons, the attempted removal fails as a matter of law. The Court must therefore summarily remand this case, and Bey's criminal prosecution must proceed in Minnesota state court. *See, e.g.*, *Minnesota v. Jenkins*, 145 F. App'x 564 (8th Cir. 2005) (per curiam) (remand proper when defendant "failed to show sufficient grounds to support his invocation of section 1443"). Because the notice of removal is facially invalid, no evidentiary hearing is required. *See McCullough v. Ligon*, 271 Fed. Appx. 547, 548 (8th Cir. 2008).[9]

---

(Footnote continued.)

corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."); *D'Hollander v. San Francisco Cnty. Superior Court*, No. C 09-519 SI, 2009 WL 975428, at *2 (N.D. Cal. Apr. 9, 2009) ("The removal statute has no role in accommodating generalized fears of unfairness in the criminal justice system.").

[9] Bey's filings seem to suggest that he is trying to bring a civil action under 42 U.S.C. § 1983 against the individuals and entities identified in his petition, and also possibly seeking to challenge the conditions of his probation. At various points in his notice of removal Bey refers to his "counterclaims," and, in addition to seeking removal of his criminal prosecution, he requests damages and injunctive relief. The Court declines to treat Bey's filings as anything other than a notice of removal. The title of Bey's petition is "Legal Notice of Removal." On the Civil Cover Sheet filed with this notice, Bey identified the origin of the case as one "Removed from State Court." Bey refers to the jurisdiction of the federal court over his state criminal charges in numerous places throughout his notice, suggesting his intent to have those proceedings removed to this Court. Moreover, based on the record in front of the Court it appears that Bey's Legal Notice of Removal has never been served on the state entities and individuals listed in notice, a fact which is consistent with treating Bey's filings as solely a notice of removal. *See Brum v. Cnty. of Wood, W. Va.*, 6:07-cv-00405, 2008 WL 3094586, at *4 (S.D. W. Va. Aug. 4, 2008) (declining to treat the petitioner's case as anything other than a petition for removal, even though the filings suggested the petitioner's desire to pursue a civil action under 42 U.S.C. § 1983, explaining that "[t]he petitioner designated his case as one for removal in the 'Civil Cover Sheet' he filed with the court). Bey is free to initiate a separate civil rights action challenging the legality of the actions of the state court actors. *Brum*, 2008 WL 3094586 at *2 ("Should the petitioner wish to pursue his claims against the respondents, he would need to file an independent civil action, rather than seek to remove a state-court criminal proceeding."). The Court notes, however, that it is unclear whether a federal court could properly entertain any such action at this time. *See Amerson v. Iowa*, 94 F.3d 510, 512-13 (8th Cir. 1996) (holding that federal courts will abstain from hearing a § 1983 claim while state criminal proceedings are pending where injunctive relief is sought, or where any damages sought "cannot be awarded

(Footnote continued on next page.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that these cases are summarily **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, County of Hennepin.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 11, 2012  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                        JOHN R. TUNHEIM  
                                                    United States District Judge

---

(Footnote continued.)

without first declaring unconstitutional a state court judgment"); *see also Younger v. Harris*, 401 U.S. 37 (1971) (holding that, with few exceptions, federal courts cannot interfere with pending state court criminal proceedings). Additionally, although probation can constitute a form of "custody" for habeas corpus purposes, *cf Jones v. Cunningham*, 371 U.S. 236, 243 (1963), a habeas corpus petitioner normally must exhaust all available state court remedies before filing a habeas corpus petition in federal court. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575-76 (8th Cir. 2009).